Nash, C. J.
 

 His Honor who tried the cause below, was of opinion that under the Act of Assembly, relied on by the petitioners, he had no power to grant their prayer. In this opinion we concur, as the evidence stood. All public roads are established for the public convenience, and not to subserve private interests ; and this principle is especially to be attended to, in altering a public road. If the
 
 public
 
 interest require the alteration, it will be made, even at any sacrifice of private interest ,• but such sacrifice will never be required, except upon the ground of the general good. The law never intended that a burthen shall be taken from one man’s shoulders, to be placed on those of another, when the public was not interested.
 

 The case states that much testimony was introduced to show that the public interest would be subserved by making the alteration proposed ; and much to prove that it would not. How, then, could the Court say that the public good required the alteration asked for — being of opinion that the ford asked for was as good (though not better) than the old one ? If the question had been an
 
 *389
 
 original one, concerning the laying out the road, as that where it should cross the stream, in the conflict of testimony the Court might be driven to the necessity of deciding upon it, one way or the other ; but that is not the case here. Here, the Court was required to alter the road for the purpose, really, of enabling the plaintiff, Kenedy, to improve the power of her manufacturing mill, by raising her dam, to the alleged injury of the defendant, by preventing him from erecting any manufacturing mill at all. In the dispute, it is not shown that the public has any interest whatever.
 

 PeR CüRxam, Judgment dismissing the petition affirmed.